MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MUMTAZ KHAN
(Immigration File #A076 103 793),

          Petitioner,                    **ANSWER**

          - against -                    Filed Electronically

U.S. CITIZENSHIP & IMMIGRATION       No. 07 Civ. 6796 (LAP) (AJP)
SERVICE, OFFICE OF U.S. ATTORNEY,
NEW YORK DISTRICT, U.S. ATTORNEY
GENERAL, FEDERAL BUREAU OF
INVESTIGATION,

          Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Respondents United States Citizenship & Immigration Service (CIS), United States Attorney's Office for the Southern District of New York, the Attorney General of the United States, and the Federal Bureau of Investigation (FBI) (collectively, the "Government"), by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Complaint for Mandamus ("Complaint") on information and belief as follows:

1.     Neither admits nor denies the allegations in paragraph 1 of the Complaint because they constitute petitioner's statement of jurisdiction, to which no

response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

2. Neither admits nor denies the allegations in paragraph 2 of the complaint because they constitute petitioner's characterization of this action, to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

3. Neither admits nor denies the allegations in paragraph 3 of the Complaint because they constitute petitioner's statement of jurisdiction and conclusions of law, to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

4. Neither admits nor denies the allegations in paragraph 4 of the Complaint because they constitute petitioner's statement of venue, to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint, except admits that respondents maintain offices at the locations described in this paragraph.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that petitioner is a lawful permanent resident of the United States.

8. Admits the allegations in paragraph 8 of the Complaint, and respectfully

        refers the Court to Exhibit A to the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint, and respectfully refers the Court to Exhibit B to the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that petitioner was at one time scheduled to be interviewed on February 1, 2006, and respectfully refers the Court to Exhibit C to the Complaint.

11. Admits the allegations in paragraph 11 of the Complaint, and respectfully refers the Court to Exhibit D to the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. The last, unnumbered paragraph of the Complaint, including sub-paragraphs (a)-(c), contains petitioner's prayer for relief, to which no response is required.

### FIRST DEFENSE

16. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

17. The Court lacks subject matter jurisdiction over the Complaint.

### THIRD DEFENSE

18. Petitioner's claims are unripe for review.

### FOURTH DEFENSE

19. Petitioner has failed to exhaust administrative remedies.

## FIFTH DEFENSE

20. Petitioner has failed to show he is owed a peremptory duty that respondents have refused to perform.

## SIXTH DEFENSE

21. Mandamus does not lie against respondents to control the exercise of their administrative judgment and discretion.

## SEVENTH DEFENSE

22. Any delay in the adjudication of petitioner's naturalization application is attributable to petitioner's own actions.

## EIGHTH DEFENSE

23. Petitioner is not statutorily eligible for naturalization until the CIS has completed its examination of petitioner, including an investigation into petitioner's background by the FBI.

WHEREFORE, the Government demands judgment dismissing the complaint with prejudice.

Dated:   New York, New York
         November 5, 2007

                    MICHAEL J. GARCIA
                    United States Attorney
                    Attorney for Respondents

By:   /s/ Matthew L. Schwartz
      MATTHEW L. SCHWARTZ
      Assistant United States Attorney
      Telephone: (212) 637-1945
      Facsimile:  (212) 637-2750